```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA

            v.                       15 CR 825 (ALC)

ELLIOT HALBERSTAM,
                                     Plea
                 Defendant.

------------------------------x
                                     New York, N.Y.
                                     July 9, 2018
                                     3:45 p.m.
Before:

        HON. ANDREW L. CARTER, JR.

                                     District Judge




          APPEARANCES


GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
ANDREW D. BEATY
     Assistant United States Attorney


STACEY G. RICHMAN
     Attorney for Defendant


Also Present:  AARON SPIVAC – Special Agent, FBI
```

1           (Case called)
2           MR. BEATY:  Good afternoon, your Honor.  Andrew Beaty
3    for the government.  With me at counsel table is FBI Special
4    Agent Aaron Spivack.
5           MS. RICHMAN:  Good afternoon, your Honor.  Stacey
6    Richman on behalf of Mr. Halberstam.
7           THE COURT:  Good afternoon.  Good afternoon, Mr.
8    Halberstam.  My understanding is Mr. Halberstam would like to
9    withdraw his previously entered plea of not guilty and enter a
10   plea of guilty to Count One pursuant to an agreement with the
11   government.  Is that correct?
12          MS. RICHMAN:  That is, sir.
13          THE COURT:  Mr. Halberstam, I am going to ask you some
14   questions and require that your answers be under oath.  So I'll
15   ask my wonderful and talented deputy to administer the oath.
16          (Defendant sworn)
17          THE COURT:  Mr. Halberstam, how old are you?
18          THE DEFENDANT:  40.
19          THE COURT:  How far did you go in school?
20          THE DEFENDANT:  Master's degree.
21          THE COURT:  Have you ever been treated for any mental
22   health problems?
23          THE DEFENDANT:  No.
24          THE COURT:  Have you ever been treated for drug
25   addiction or alcohol abuse?

```
 1                THE DEFENDANT:  No.
 2                THE COURT:  Are you under the care of a physician
 3   currently?
 4                THE DEFENDANT:  Yes.
 5                THE COURT:  What are you being treated for?
 6                THE DEFENDANT:  High blood pressure and high
 7   cholesterol.
 8                THE COURT:  Have you been prescribed medication for
 9   the high blood pressure and cholesterol?
10                THE DEFENDANT:  Yes.
11                THE COURT:  Do you take medication daily?
12                THE DEFENDANT:  Yes.
13                THE COURT:  How long have you been taking those
14   medications?
15                THE DEFENDANT:  About 18 months.
16                THE COURT:  Do you know the names of the medication
17   for the high blood pressure?
18                THE DEFENDANT:  Amlodipine.
19                THE COURT:  Do you know the name of the medication for
20   the high cholesterol?
21                THE DEFENDANT:  Atorvastatin.
22                THE COURT:  Does either of those medications affect
23   your ability to think clearly?
24                THE DEFENDANT:  No.
25                THE COURT:  In the last 24 hours, other than the
```

1   medication that you have mentioned for your high blood pressure
2   and cholesterol, have you had any other medication, pills,
3   alcoholic beverages, or drugs of any kind?
4             THE DEFENDANT:  No.
5             THE COURT:  Is your mind clear as you sit here today?
6             THE DEFENDANT:  Yes, sir.
7             MS. RICHMAN:  Your Honor, may I clarify one thing?
8   There is a question with regard to his degree that might apply
9   to one of your questions.
10            THE COURT:  Okay.
11            MS. RICHMAN:  Your Honor, to clarify, with regard to
12  Mr. Halberstam's degree, he had to undergo a course of therapy
13  himself.  I just wanted to make sure that the Court was fully
14  apprised.
15            THE COURT:  Thank you.
16            Is your mind clear as you sit here today?
17            THE DEFENDANT:  Yes, sir.
18            THE COURT:  Defense counsel, have you discussed the
19  matter of pleading guilty with your client?
20            MS. RICHMAN:  I have indeed, sir.
21            THE COURT:  Do you feel he understands the rights that
22  he will be waiving by pleading guilty?
23            THE DEFENDANT:  I do.
24            THE COURT:  Do you have any doubts about his
25  competence to proceed?

1           MS. RICHMAN:  I do not.

2           THE COURT:  I find that Mr. Halberstam is alert, he
3  has answered the questions appropriately.  I find that he is
4  appropriate to proceed, and we will continue.

5           Mr. Halberstam, you have a constitutional right to
6  continue to plead not guilty to Count One of the indictment.
7  Do you understand?

8           THE DEFENDANT:  Yes, sir.

9           THE COURT:  Let me read Count One of the indictment to
10  you.  Count One charges coercion and enticement of a minor to
11  engage in illegal sexual activity.

12           "The grand jury charges from at least in or about
13  March 2015, up to and including at least in or about July of
14  2015, in the Southern District of New York and elsewhere,
15  Elliot Halberstam, the defendant, willfully and knowingly did
16  use a facility and means of interstate and foreign commerce to
17  persuade, induce, entice, and coerce an individual who had not
18  attained the age of 18 years to engage in sexual activity for
19  which a person can be charged with a criminal offense and
20  attempted to do so;

21           "To wit, Halberstam used a computer and the Internet
22  to persuade, induce, entice and coerce victim 1, a minor, to
23  send images, videos, and live visual depictions of victim 1
24  engaging in sexual activity to Halberstam over the Internet, in
25  violation of Title 18, United States Code, section 2422(b)."

1           Again, do you understand that charge, Mr. Halberstam?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  As I indicated, you have a constitutional right to continue to plead not guilty to that count.  If you persist in that plea of not guilty, you have a right to a speedy and public trial by jury.  Do you understand?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  At that trial you would be presumed innocent.  You would not have to prove that you were innocent.  Do you understand?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  At that trial and at every stage of this criminal litigation, you have the right to be represented by an attorney.  Do you understand?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  If you could not afford to hire your own attorney, the Court would give you a lawyer for free.  Do you understand?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Counsel, are you retained or appointed on this matter?

22          MS. RICHMAN:  I'm retained, sir.

23          THE COURT:  At trial the government would have to prove each and every element of the crime charged beyond a reasonable doubt.  Do you understand?

1  THE DEFENDANT:  Yes, sir.

2  THE COURT:  Let's turn to those elements.  For Count
3  One the government would have to prove that you willfully and
4  knowingly used a facility or means of interstate and foreign
5  commerce.  Do you understand?

6  THE DEFENDANT:  Yes, sir.

7  THE COURT:  And that you used such a facility and
8  means of interstate and foreign commerce to persuade, induce,
9  or entice an individual who had not attained the age of 18 to
10  engage in sexual activity for which a person can be charged
11  with a criminal offense.  Do you understand?

12  THE DEFENDANT:  Yes.

13  THE COURT:  Are there any other elements of the
14  offense, counsel for the government?  I'll talk about venue in
15  a moment.  Are there any other elements of the offense?

16  MR. BEATY:  No, your Honor, other than that the
17  knowingly here would also apply to the victim's age.

18  THE COURT:  You have to know that the victim had not
19  attained the age of 18.  Do you understand that, Mr.
20  Halberstam?

21  THE DEFENDANT:  Yes.

22  THE COURT:  Any other elements, counsel for the
23  defense?

24  MS. RICHMAN:  No.  Thank you, sir.

25  THE COURT:  In addition, if you plead guilty, you will

1   be giving up your right to challenge the venue of the
2   prosecution.  Venue means that the government needs to bring
3   the case in the judicial district where the crime took place.
4   Do you understand?
5            THE DEFENDANT:  Yes, sir.
6            THE COURT:  The government must prove each and every
7   one of those elements to a jury beyond a reasonable doubt.  Do
8   you understand?
9            THE DEFENDANT:  Yes.
10           THE COURT:  Again, at trial you would be presumed
11  innocent, you would not have to prove anything.  In order to
12  attempt to prove those elements beyond a reasonable doubt, the
13  government would call witnesses.  Do you understand?
14           THE DEFENDANT:  Yes, sir.
15           THE COURT:  Your lawyer could question those
16  witnesses.  Do you understand?
17           THE DEFENDANT:  Yes.
18           THE COURT:  Your lawyer could object to evidence that
19  the government sought to introduce against you.  Do you
20  understand?
21           THE DEFENDANT:  Yes, sir.
22           THE COURT:  You could call your own witnesses at trial
23  and your lawyer would have the subpoena power of the United
24  States to make witnesses come to court before you.  Do you
25  understand?

1  THE DEFENDANT:  Yes, sir.

2  THE COURT:  In addition, you could testify on your own
3  behalf at trial.  Do you understand?

4  THE DEFENDANT:  Yes, sir.

5  THE COURT:  While you could testify in your own
6  behalf, you also could not be forced to testify because you
7  have a right to a privilege against self-incrimination.  Do you
8  understand?

9  THE DEFENDANT:  Yes, sir.

10  THE COURT:  The right or privilege against self-
11  incrimination means that you cannot be required to say anything
12  out of your own mouth that makes you appear guilty.  Do you
13  understand?

14  THE DEFENDANT:  Yes, sir.

15  THE COURT:  So even if you are guilty, you are not
16  required to plead guilty.  Do you understand?

17  THE DEFENDANT:  Yes, sir.

18  THE COURT:  You could remain silent and force the
19  government to attempt to prove each and every element of the
20  crime charged beyond a reasonable doubt.  Do you understand?

21  THE DEFENDANT:  Yes, sir.

22  THE COURT:  If the government could not prove each and
23  every element of the crime charged beyond a reasonable doubt, a
24  jury would have a duty to find you not guilty.  Do you
25  understand?

1  THE DEFENDANT: Yes, sir.

2  THE COURT: I reiterate: even if you are guilty, you
3  are not required to plead guilty. Do you understand?

4  THE DEFENDANT: Yes, I do, sir.

5  THE COURT: If you do plead guilty, I'll have to ask
6  you what you did that makes you guilty of this crime, and when
7  you answer those questions, you will be saying things out of
8  your own mouth that make you appear guilty, thereby giving up
9  your right or privilege against self-incrimination. Do you
10 understand?

11 THE DEFENDANT: Yes, sir.

12 THE COURT: Again, if you plead guilty there will not
13 be any trial of any kind. Do you understand?

14 THE DEFENDANT: Yes, sir.

15 THE COURT: Let's talk about the sentencing process.
16 If I accept your plea of guilty, you will meet with the
17 probation department, and they will prepare a pre-sentence or
18 probation report. Do you understand?

19 THE DEFENDANT: Yes, sir.

20 THE COURT: That report will have information about
21 you and the crime that you are alleged to have committed. Do
22 you understand?

23 THE DEFENDANT: Yes, sir.

24 THE COURT: That report will also have the probation
25 department's sentencing guideline calculation. Do you

1  understand?

2  THE DEFENDANT:  Yes, sir.

3  THE COURT:  Have you and your attorney discussed the
4  sentencing guidelines and how they might apply to your case?

5  THE DEFENDANT:  Yes, we have.

6  THE COURT:  The sentencing guidelines are advisory.
7  What that means is while I am required to determine the
8  guideline range that applies to your case, once I make that
9  determination, I'm not required to sentence you within that
10 range.  Do you understand?

11 THE DEFENDANT:  Yes.

12 THE COURT:  I will determine the guideline range and I
13 will determine the ultimate sentence that is imposed.  Do you
14 understand?

15 THE DEFENDANT:  Yes.

16 THE COURT:  As you sit here today, there is no promise
17 as to what your guideline range will be, nor is there a promise
18 as to what your sentence will be.  Do you understand?

19 THE DEFENDANT:  Yes.

20 THE COURT:  Is this your signature on Court Exhibit 1,
21 the plea agreement in this case?

22 THE DEFENDANT:  Yes, it is.

23 THE COURT:  Before signing it, did you read it?

24 THE DEFENDANT:  Yes, I did.

25 THE COURT:  Did you discuss it with your attorney?

1     THE DEFENDANT:  I did.
2     THE COURT:  Do you understand the agreement?
3     THE DEFENDANT:  Yes, sir.
4     THE COURT:  Does this agreement, Court Exhibit 1,
5  contain the entirety of your agreement with the government?
6     THE DEFENDANT:  Yes.
7     THE COURT:  Counsel for the government and the
8  defense, is that correct?
9     MR. BEATY:  That is correct, your Honor.
10    MS. RICHMAN:  Yes, sir.
11    THE COURT:  Let's talk about the statutory penalties
12 that apply.  Then I'll go over portions of the agreement.  I'm
13 not going to go over the entire agreement.  Let's talk about
14 the statutory penalties.
15        Count One carries a mandatory minimum term of
16 imprisonment of 10 years.  Do you understand?
17    THE DEFENDANT:  Yes, sir.
18    THE COURT:  And a maximum term of imprisonment of
19 life.  Do you understand?
20    THE DEFENDANT:  Yes, sir.
21    THE COURT:  There is a maximum term supervised release
22 of life and a mandatory minimum term of supervised release of 5
23 years.  Do you understand?
24    THE DEFENDANT:  Yes, sir.
25    THE COURT:  Supervised release is like a term of

probation you would serve after a term of custody.  You would be subject to drug testing and visits to a probation officer's office as well as other limitations on your freedom.  Do you understand?

THE DEFENDANT:  Yes, sir.

THE COURT:  If you were to violate a condition of supervised release, you could be sentenced to an additional term of supervised release and an additional term of custody without credit for time previously served on supervised release and in custody.  Do you understand?

THE DEFENDANT:  Yes, sir.

THE COURT:  You would also be subject to the possibility of a fine.  In this case the maximum fine is $250,000.  Do you understand?

THE DEFENDANT:  Yes, sir.

THE COURT:  There is also a $100 mandatory special assessment.  You must pay the $100 mandatory special assessment.  Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  Under your agreement you have agreement to make restitution in an amount ordered by me.  Do you understand?

THE DEFENDANT:  Yes, sir.

THE COURT:  In your agreement there is a guideline estimate set forth by the government.  Have you seen that

1   estimate?

2       THE DEFENDANT:  Yes, I have.

3       THE COURT:  I reiterate that is simply an estimate.
4   That is not binding on the probation department, that is not
5   binding on me.  Do you understand?

6       THE DEFENDANT:  Yes, sir.

7       THE COURT:  Again, there is no promise as to what your
8   guideline range will be nor is there a promise as to what your
9   sentence will be.  Do you understand?

10      THE DEFENDANT:  Yes, sir.

11      THE COURT:  I want to make sure I don't understand
12  that if you are not a citizen of the United States, your guilty
13  plea and conviction make it very likely that you will be
14  deported from the United States.  Do you understand?

15      THE DEFENDANT:  I do.  I am a citizen.

16      THE COURT:  Have you discussed that with your
17  attorney?

18      MS. RICHMAN:  Yes, we have, your Honor.

19      THE COURT:  I want to make sure that you also
20  understand that under the Sex Offender Registration
21  Notification Act you must register and keep the registration
22  current.  Do you understand?

23      THE DEFENDANT:  Yes, sir.

24      THE COURT:  Have you discussed that with your
25  attorney?

```
 1                THE DEFENDANT:  I have.
 2                MS. RICHMAN:  Yes, your Honor, I have discussed it.
 3     Subsequent to whatever sentence is imposed here, there will be
 4     hearings in whatever jurisdiction he is living in, and that
 5     will take place in the state court, he will be rated, and then
 6     he will have those obligations.
 7                THE COURT:  You have a statutory right to appeal.  Do
 8     you understand?
 9                THE DEFENDANT:  Yes, sir.
10                THE COURT:  There are time restrictions on the ability
11     to file a notice of appeal.  You should talk to your lawyer
12     about that.  If you cannot afford to hire a lawyer to help you
13     prosecute the appeal, the Court would give you a lawyer for
14     free.  Do you understand?
15                THE DEFENDANT:  Yes.
16                THE COURT:  Although you would have a statutory right
17     to appeal under your agreement, you have agreed not to file a
18     direct appeal nor bring a collateral challenge nor seek a
19     sentence modification of any sentence within or below the
20     guideline range of 135 to 168 months' imprisonment.  Do you
21     understand?
22                THE DEFENDANT:  Yes, sir.
23                THE COURT:  Do you have any questions you would like
24     to ask me before we continue?
25                THE DEFENDANT:  No, sir.
```

1     THE COURT:  Do you have any questions you would like
2 to ask your attorney in private before we continue?
3     THE DEFENDANT:  No, sir.
4     THE COURT:  Mr. Halberstam, are you satisfied with
5 your legal representation up to this point?
6     THE DEFENDANT:  I am, sir.
7     THE COURT:  Defense counsel, are you aware of any
8 reason why Mr. Halberstam should not plead guilty?
9     MS. RICHMAN:  No, sir.
10    THE COURT:  Are you aware of any legal defense to the
11 charge?
12    MS. RICHMAN:  No, sir.
13    THE COURT:  Mr. Halberstam, are you willing to give up
14 your rights to a trial and all the other rights that we have
15 discussed?
16    THE DEFENDANT:  I am, sir.
17    THE COURT:  Other than what is contained in Court
18 Exhibit 1, your agreement with the government, has anyone made
19 any promises to induce you to give up those rights?
20    THE DEFENDANT:  No, sir.
21    THE COURT:  Has anyone made any threats to force you
22 to give up those rights?
23    THE DEFENDANT:  No, sir.
24    THE COURT:  How do you plead to Count One of the
25 indictment, guilty or not guilty?

```
 1              THE DEFENDANT:  Guilty.
 2              THE COURT:  What is it you did that makes you guilty
 3   of the crime charged in Count One?
 4              THE DEFENDANT:  I used the Internet to persuade a
 5   person under the age of 18 to send images and video of that
 6   minor's body and engaging in sexual activity.
 7              THE COURT:  When you did that, did you do so willfully
 8   and knowingly?
 9              THE DEFENDANT:  I did.
10              THE COURT:  Did you do that knowing that that person
11   was under the age of 18?
12              THE DEFENDANT:  I did.
13              THE COURT:  How did you do this again?
14              THE DEFENDANT:  Using the Internet.
15              THE COURT:  Did you access the Internet from a
16   computer?
17              THE DEFENDANT:  A computer and a mobile device.
18              THE COURT:  Were the images that were sent to you of
19   this minor engaging in sexual activity, were those images sent
20   over the Internet as well?
21              THE DEFENDANT:  Yes.
22              THE COURT:  Did this happen from around March 2015 up
23   to in or about July 2015?
24              THE DEFENDANT:  Yes.
25              THE COURT:  Where did this take place in terms of what
```

1  borough or what town?

2          THE DEFENDANT:  It took place in New Jersey, sir.  The
3  Internet servers apparently go over into New York.  So the
4  Southern District of New York.

5          THE COURT:  Counsel for the government?

6          MR. BEATY:  Your Honor, if I could proffer that some
7  of the emails that were sent as part of this course of conduct
8  were sent from Manhattan.

9          THE COURT:  Any further allocution requested by the
10  government?

11          MR. BEATY:  No, your Honor.  Thank you.

12          THE COURT:  Any further allocution requested by the
13  defense?

14          MS. RICHMAN:  No.  Thank you, sir.

15          THE COURT:  I find that Mr. Halberstam understands the
16  rights that he is waiving by pleading guilty.  I further find
17  that there is a factual basis for the plea.  I will accept his
18  plea of guilty we will schedule sentencing for Thursday,
19  September 13th, at 10 o'clock a.m.  Anything else from the
20  government?

21          MR. BEATY:  No, your Honor.  Thank you.

22          MS. RICHMAN:  Your Honor, may I ask for a date a
23  little bit farther out?  One of the reasons is that I am
24  currently engaged in trial and I have a substantial writing to
25  prepare.  I don't know when I will be able to meet with

1  probation given the current trial with respect to August, and
2  then we have the Jewish holidays that I think we are all
3  concerned with here.
4              THE COURT:  How much time are you looking for?
5              MS. RICHMAN:  Might I ask for perhaps the very end of
6  September or mid October?
7              THE CLERK:  Monday, October 15th, at 10:00 a.m.
8              MS. RICHMAN:  That's fine.
9              THE COURT:  Monday the 15th, does that work for
10 everyone?
11             MR. BEATY:  That's fine for the government, your
12 Honor.
13             MS. RICHMAN:  Thank you, your Honor.
14             THE COURT:  Anything else from the government or the
15 defense?
16             MR. BEATY:  No.  Thank you.
17             MS. RICHMAN:  No.  Thank you, sir.
18             THE COURT:  We are adjourned.
19             (Adjourned)
20
21
22
23
24
25